FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 28, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BRENNA MARIE DOYLE,<br>    Defendant. | No. 2:26-MJ-00053-JAG-1<br><br>ORDER FOLLOWING<br>INITIAL APPEARANCE<br>ON CRIMINAL COMPLAINT<br>AND SETTING DETENTION<br>HEARING<br><br>**MOTION GRANTED**<br>**(ECF No. 6)** |

On January 26, 2026, the Court held a hearing for Defendant BRENNA MARIE DOYLE's initial appearance on Criminal Complaint, filed January 24, 2026, in the District of Minnesota, at ECF No. 1. Defendant appeared in custody represented by Assistant Federal Defender Nathan Poston. Assistant U.S. Attorney Frieda Zimmerman represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

Defendant was advised of, and acknowledged, her rights. The Court entered a denial of the allegations in the Criminal Complaint on behalf of Defendant. The Office of the Federal Defenders of Eastern Washington and Idaho was appointed to represent the Defendant in this matter while Defendant is present in the Eastern District of Washington. The United States also orally moved to unseal the Complaint and Affidavit in Support of Criminal Complaint. **ECF No. 6.**

ORDER - 1

      Defendant personally and through counsel, waived her right to a preliminary hearing, identity hearing, and her right to challenge the warrant pursuant to Fed. R. Crim. P. 5.  Defendant's waiver is accepted as knowing and voluntary.

      The United States also sought Defendant's detention and Defendant requested a detention hearing.  **ECF No. 4.**  The Government asserted a detention hearing may be held pursuant to 18 U.S.C. § 3142(f)(2)(A) and (f)(2)(B) based on a serious risk of flight and a serious risk of obstruction.  ECF No. 4 at 2.  A detention hearing, however, may be held in the first instance pursuant to 18 U.S.C. § 3142(f)(1)(A) based on the allegations of crimes of violence, specifically the alleged threats to murder federal law enforcement officers and family members of federal law enforcement officers pursuant to 18 U.S.C. § 115, that form the basis for the Complaint.  A "crime of violence" is defined for the purposes of the Bail Reform Act, in relevant part, as "an offense that has an element of the offense the . . . threatened use of physical force against the person or property of another."  18 U.S.C. § 3156(a)(4)(A).  Accordingly, given the alleged threats to commit murder in this case, it is not necessary to consider whether the Government has met its separate burden under 18 U.S.C. § 3142(f)(2) to establish a basis for a detention hearing.

      **IT IS ORDERED:**

      1.    **A detention hearing is scheduled for <u>January 28, 2026, at 10:00 a.m.</u> before the undersigned.**  Defendant shall remain in custody pending the hearing.  Defendant shall be held in detention separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.

      2.    The Government's oral motion to unseal the Complaint and Affidavit in Support of Criminal Complaint, **ECF No. 6**, is **GRANTED**.

ORDER - 2

3. The United States is advised that under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*:

   a. The government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price,* 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the court orders the government to produce to the defendant in a timely manner all such information or evidence.

   b. Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.

   c. If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

   d. This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to,

ORDER - 3

the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges.  Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent.  As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 582 U.S. 313, 315 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012).

**IT IS SO ORDERED.**

DATED January 28, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 4